J-S38019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HENRY JOHN ALLEN, | |
| Appellant | No. 2651 EDA 2016 |

Appeal from the Order Entered July 28, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000187-2011

BEFORE:  GANTMAN, P.J., SHOGAN and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                          **FILED AUGUST 03, 2017**

Appellant, Henry John Allen, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the history of this case as follows:

> By way of background, on April 10, 2010[,] the Appellant was arrested by Officer William J. Murphy[,] III at approximately 3:00 a.m. while on patrol on Concord Avenue in Chester City. Officer Murphy, III observed the Appellant engaged in suspicious activity, loitering around the passenger window of a Dodge Intrepid.  On seeing the police, the Appellant began to flee in a Chevrolet Geo which was summarily stopped by Officer Murphy. On inspecting the Dodge Intrepid, Officer Murphy[,] III observed an open glove box, cocaine scattered around the vehicle, and spice bottles with suspected cocaine scattered around the vehicle.

---

[*]  Former Justice specially assigned to the Superior Court.

Thereafter[,] on February 25, 2011[,] the Appellant filed a suppression motion which was thereafter heard on December 1, 2011. After the Appellant's suppression motion was denied, [a] jury trial proceeded on May 15, 2012 and continued thereafter until jury verdict on May 17, 2012[,] at which time the Appellant was found guilty of possession with intent to deliver and possession of drug paraphernalia.[1] On July 16, 2012, Appellant was sentenced to 60 to 120 months for possession with intent to deliver and a consecutive 4 to 8 month sentence for possession of drug paraphernalia and a $15,000 fine.

On July 23, 2012[,] Appellant filed timely post-sentence motions. Amended post[-]sentence motions were filed through counsel on September 13, 2012. After amendment of the sentencing order on October 19, 2012, the Appellant filed a timely Notice of Appeal to the Pennsylvania Superior Court on November 8, 2012. On [September 23, 2013,] the Pennsylvania Superior Court affirmed the Appellant's judgment of sentence. [**Commonwealth v. Allen**, 87 A.3d 388, 3093 EDA 2012 (Pa. Super. filed September 23, 2013) (unpublished memorandum).]

PCRA Court Opinion, 1/18/17, at 2-3.

On August 18, 2014, Appellant filed, *pro se*, this timely PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on January 21, 2015. Subsequently, the PCRA court held a hearing on March 10, 2016.[2]

_____

[1] 35 P.S. §§ 780-113(a)(30), (32).

[2] The PCRA court summarized Appellant's claims as follows:

Appellant raised the following issues seeking collateral relief: Initially, the Appellant raised an **_Alleyne_** issue but after review on the record acknowledged that the issue was moot as impertinent as the Appellant was not sentenced to any mandatory minimum sentence. (N.T. 3/10/16, pp 3). Next, the

*(Footnote Continued Next Page)*

- 2 -

On July 28, 2016, the PCRA court entered an order dismissing Appellant's PCRA petition. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

I. WAS THE [PCRA] COURT IN ERROR FOR DISMISSING [APPELLANT'S] PETITION FOR POST CONVICTION RELIEF ALLEGING INEFFECTIVENESS OF TRIAL COUNSEL WHEN, DURING A HEARING PURSUANT TO A PRETRIAL OMNIBUS MOTION FILED, FAILED TO PRESENT TESTIMONY AS TO OWNERSHIP OF THE MOTOR VEHICLE IN QUESTION WHEN THE TRIAL COURT RULED THAT [APPELLANT] DID NOT HAVE STANDING TO RAISE SAID ISSUE?

Appellant's Brief at 4 (capitalization in original).

In his sole issue, Appellant argues that his trial counsel was ineffective. Appellant's Brief at 7-11. Specifically, Appellant contends that trial counsel should have called Appellant's son as a witness at Appellant's suppression hearing in order to testify that Appellant had permission from his son to be in the Dodge Intrepid. *Id*. at 7. Appellant asserts that such

_(Footnote Continued)_ ———————————

Appellant raised an ineffectiveness claim based on trial counsel's failure to call a purported necessary witness in support of suppression. That is, the Appellant claims that trial counsel should have called the Appellant's son, Jamal, to testify that the Appellant was a permissible user of the vehicle such that he would have legally cognizable standing to challenge suppression of the contraband seized from the vehicle. (N.T. 3/10/16, p. 4). Lastly, there was yet a final issue raised in Appellant's PCRA petition that he withdrew at the hearing. (N.T. 3/10/16, p.4).

PCRA Court Opinion, 1/18/17, at 3-4.

- 3 -

testimony from his son would have permitted Appellant to establish the proper standing in order to pursue his suppression claim. *Id*. at 11.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Appellant's claim challenges the effective assistance of his trial counsel. Our Supreme Court has long stated that in order to succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. ***Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001).

We have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d

125, 132 (Pa. Super. 2003) (*en banc*). Moreover, with regard to the second prong, we have reiterated that trial counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." ***Commonwealth v. Ervin***, 766 A.2d 859, 862-863 (Pa. Super. 2000) (quoting ***Commonwealth v. Miller***, 431 A.2d 233 (Pa. 1981)).

Our Supreme Court has defined "reasonableness" as follows:

> Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable* basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987) (quoting ***Commonwealth ex rel. Washington v. Maroney***, 235 A.2d 349, 352-353 (Pa. 1967)) (emphasis in original).

In addition, prejudice requires proof that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. ***Pierce***, 786 A.2d at 213. "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009) (citing ***Commonwealth v. Sneed***, 899 A.2d 1067 (Pa. 2006)). Thus, when it is clear that a petitioner has failed to meet the prejudice prong of an ineffective-assistance-of-counsel claim, the claim may be disposed of on that

basis alone, without a determination of whether the first two prongs have been met. ***Commonwealth v. Baker***, 880 A.2d 654, 656 (Pa. Super. 2005).

It is presumed that the petitioner's counsel was effective, unless the petitioner proves otherwise. ***Commonwealth v. Williams***, 732 A.2d 1167, 1177 (Pa. 1999). We are bound by the PCRA court's credibility determinations where there is support for them in the record. ***Commonwealth v. Battle***, 883 A.2d 641, 648 (Pa. Super. 2005) (citing ***Commonwealth v. Abu-Jamal***, 720 A.2d 79 (Pa. 1998)). Furthermore, claims of ineffective assistance of counsel are not self-proving. ***Commonwealth v. Wharton***, 811 A.2d 978, 986 (Pa. 2002).

To prevail on a claim of trial counsel's ineffectiveness for failure to call a witness, an appellant must prove: "(1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced appellant." ***Commonwealth v. Chmiel***, 889 A.2d 501, 545-546 (Pa. 2005) (citations omitted). Trial counsel's failure to call a particular witness does not constitute ineffective assistance without some showing that the absent witness's testimony would have been beneficial or helpful in establishing the asserted defense. ***Id***. Appellant must demonstrate how the testimony of the purported witness

would have been beneficial under the circumstances of the case. *Id*. In addition, counsel is not ineffective for failing to call a witness whose testimony would have been merely cumulative. *Commonwealth v. Meadows*, 787 A.2d 312, 320 (Pa. 2001).

Moreover, we are mindful that the plain view doctrine permits the warrantless seizure of an object in plain view. Specifically, the doctrine allows the admission of evidence seized without a warrant when: (1) an officer views the object from a lawful vantage point; (2) it is immediately apparent to him that the object is incriminating; and (3) the officer has a lawful right of access to the object. *Commonwealth v. Collins*, 950 A.2d 1041, 1045 (Pa. Super. 2008) (*en banc*) (citing *Commonwealth v. McCree*, 924 A.2d 621, 628-629 (Pa. 2007)). As we have long observed, there is no legitimate expectation of privacy shielding that portion of the interior of an automobile which may be viewed from outside of the vehicle by either an inquisitive passerby or diligent police officers. *Commonwealth v. Jones*, 978 A.2d 1000, 1005 (Pa. Super. 2005) (citing *Texas v. Brown*, 460 U.S. 730, 740 (1983).

The PCRA court addressed this claim of ineffective assistance of counsel as follows:

> At issue here[] is trial counsel's decision not to call Jamal Allen, [Appellant's] son. However, failing to call [Appellant's] son was of no moment to the adverse decision on suppression nor the adverse result at trial.

Even assuming *arguendo* [that Appellant] had standing to challenge the cocaine and packaging evidence, separate independent lawful grounds existed for the admission of the contraband evidence and denial of suppression of the evidence recovered from the Dodge Intrepid, that is, while Officer Murphy[,] III was conducting his investigation he observed and readily recognized all of the contraband from a lawful vantage point. Therefore, even if the son, Jamal Allen, were [called to testify] and his testimony credited[,] there still would have been no difference in the outcome of the matter.

In this case, independent justification for Officer Murphy[,] III's search and seizure of the pertinent contraband was present pursuant to the "plain view" doctrine. "The 'plain view' doctrine is often considered an exception to the general rule that warrantless searches are presumptively unreasonable . . . ." *McCree*, 924 A.2d at 627 (quoting *Horton v. California*, 496 U.S. 128, 133, 110 S.Ct. 2301, 2306, 110 L. Ed. 2d 112 (1990)). The plain view doctrine permits the warrantless seizure of evidence in plain view when: (1) an officer views the object from a lawful vantage point; and (2) it is 'immediately apparent' to him that the object is incriminating. In determining 'whether the incriminating nature of an object is immediately apparent to the police officer, we look to the totality of the circumstances.' An officer can never be one hundred percent certain that a substance in plain view is incriminating, but his belief must be supported by probable cause. *Commonwealth v. Johnson*, 921 A.2d 1221, 1223 (Pa. Super. 2007).

When reviewing whether an object's criminal nature is "immediately apparent", probable cause merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief, that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A practical, non-technical probability that incriminating evidence is involved is all that is required. *Commonwealth v. McEnany*, 667 A.2d 1143, 1148 (Pa. Super. 1995). In this case, the trial court properly determined that the contraband and paraphernalia were discovered pursuant to the "plain view" exception to the warrant requirement. Officer Murphy[,] III's observations of the "criminal nature" of the suspected cocaine and packaging are obvious.

Here, trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Christy***, [] 656 A.2d 897, 881 ([Pa.] 1995). Also, [Appellant] would have to show that the result of the proceedings would have been different but for counsel's purported errors. Here, the contraband and paraphernalia would not be suppressed as they were observed from a lawful vantage point and their criminal nature obvious.

For all of the foregoing reasons, the Appellant's claim of ineffectiveness is wholly unsupported by the record, and his claim under the [PCRA] was properly DISMISSED.

PCRA Court Opinion, 1/18/17, at 8-10.

Indeed, as the PCRA court determined, Appellant failed to establish the prejudice prong of the ineffectiveness test. The PCRA court's analysis is supported by the record and the law, and we agree with its determination that Appellant failed to meet his burden to prove that trial counsel was ineffective. Accordingly, Appellant's allegation of ineffective assistance fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2017

- 9 -