J-S27010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WILLIAM BROWN :
:
Appellant : No. 1365 EDA 2019

Appeal from the PCRA Order Entered April 9, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013549-2008

BEFORE: SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.: Filed: October 8, 2020

Appellant, William Brown, appeals from the order dismissing his petition

filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-

9546. We affirm.

In relation to Appellant's direct appeal, the trial court set forth the

factual history of this matter as follows:

> This case arises from an incident occurring on June 10,
> 2008[,] in the 5800 block of West Arch Street in Philadelphia. At
> that time, Philadelphia Police Sergeant [Rodney] Linder
> [("Sergeant Linder")] was conducting surveillance on the
> aforesaid block when, according to … Sergeant [Linder's]
> testimony, he saw an older black male (approximately 50 years
> old) walk up the street with money in his hand and approach
> [Appellant,] who was sitting on the front steps of the porch of a
> residence located at 5839 W. Arch St[reet.] A marked narcotics
> unit patrol car happened to drive by at that moment[,] and
> [Appellant] was seen by … [Sergeant] Linder shak[ing] his head

_____

[*] Former Justice specially assigned to the Superior Court.

"no" as [Appellant] pointed to the patrol car, at which point[] the older black male walked down the steps and away from the residence.

Thereafter, [Sergeant] Linder observed [Appellant] roll a marijuana cigar[, and Sergeant Linder] then radioed for backup officers to move in. As two other Police Officers approached [Appellant] on his porch, he threw his cigar on the ground and attempted to enter the house. The officers pulled [Appellant] away from the front door and one of the officers immediately felt a firearm on [Appellant's] hip. The Officer recovered a .40 caliber Smith and Wesson firearm from [Appellant], as well as several small packets of marijuana and crack cocaine. Due to a prior conviction for Possession with Intent to Distribute a Controlled Substance, [Appellant] was prohibited from possessing said firearm.

Trial Court Opinion, 10/8/15, at 1-2.

On February 12, 2015, a jury convicted Appellant of the crime of persons not to possess firearms.[1] On May 15, 2015, the trial court sentenced Appellant to serve a term of incarceration of four to eight years. Appellant filed a post-sentence motion seeking a new trial based upon a challenge to opening remarks made by the prosecutor, which the trial court denied. Appellant filed a timely direct appeal, and this Court affirmed the judgment of sentence on August 29, 2016. *Commonwealth v. Brown*, 2149 EDA 2015, 156 A.3d 351 (Pa. Super. filed August 29, 2016) (unpublished memorandum). On March 31, 2017, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Brown*, 445 EAL 2016, 169 A.3d 34 (Pa. 2017).

_____

[1] 18 Pa.C.S. § 6105.

- 2 -

On May 3, 2018, Appellant filed the instant, timely, *pro se* PCRA petition, and PCRA counsel was appointed. Subsequently, PCRA counsel filed an amended PCRA petition claiming that trial counsel was ineffective for failing to file a post-verdict motion asserting that the verdict was against the weight of the evidence. On February 19, 2019, pursuant to Pa.R.Crim.P. 907, the PCRA court issued notice of its intent to dismiss the PCRA petition. On April 9, 2019, the PCRA court formally dismissed the petition without a hearing. This timely appeal followed.

Appellant presents the following issues for our review:

I. Whether the PCRA court erred in not granting relief on the PCRA petition alleging counsel was ineffective for failing to file a post verdict motion that the verdict was against the weight of evidence.

II. Whether the PCRA court erred in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

Appellant's Brief at 8 (renumbered for purposes of disposition).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). We grant great deference to the PCRA court's findings that are

supported in the record and will not disturb them unless they have no support in the certified record.  **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Appellant first argues that the PCRA court erred in determining that trial counsel was not ineffective.  Appellant's Brief at 15-20.  Specifically, Appellant contends that trial counsel was ineffective for failing to file a motion arguing that the verdict was against the weight of the evidence.  **Id**. at 16-20. Appellant asserts that Sergeant Linder's observations did "not rise to the level of reasonable suspicion that criminal activity was afoot."[2]  **Id**. at 17.  Appellant alleges that "Sergeant Linder's observations do not support a guilty verdict." **Id**.

_____

[2]  To the extent Appellant is attempting to argue that counsel was ineffective with regard to the suppression of evidence, we note that this issue was previously litigated on direct appeal and therefore not a basis for PCRA relief. **Commonwealth v. Brown**, 2149 EDA 2015, at 4-8.  We observe that "to be entitled to PCRA relief, a petitioner must plead and prove, inter alia, that the allegation of error has not been previously litigated or waived." **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005).  **See** 42 Pa.C.S. § 9543(a)(3) (setting forth requirement that, for purposes of obtaining PCRA relief, an issue must not have been previously litigated).  A claim is previously litigated under the PCRA if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue.  42 Pa.C.S. § 9544(a)(2).  Moreover, an "appellant cannot obtain post-conviction review of claims previously litigated on appeal by challenging ineffective assistance of prior counsel and presenting new theories of relief to support previously litigated claims." **Commonwealth v. Santiago**, 855 A.2d 682, 697 (Pa. 2004) (quoting **Commonwealth v. Beasley**, 678 A.2d 773, 778 (Pa. 1996)).  **See also Commonwealth v. Hutchins**, 760 A.2d 50, 55 (Pa. Super. 2000) (stating that a PCRA petitioner cannot obtain PCRA review of previously litigated claims by presenting those claims again in a PCRA petition and setting forth new theories in support thereof).

Our Supreme Court has long stated that, in order to succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001).

We observe that claims of ineffective assistance of counsel are not self-proving. *Commonwealth v. Wharton*, 811 A.2d 978, 986 (Pa. 2002). In addition, we note that where an appellant is not entitled to relief with regard to the underlying claim upon which his ineffectiveness claim is premised, he is not entitled to relief with regard to his ineffectiveness claim. *Commonwealth v. Ousley*, 21 A.3d 1238, 1246 (Pa. Super. 2011). Thus, trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

Moreover, with regard to the second prong, we have reiterated that trial counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Ervin*, 766 A.2d 859, 862-863 (Pa. Super. 2000) (quoting *Commonwealth v. Miller*, 431 A.2d 233 (Pa. 1981)).

Our Supreme Court has discussed "reasonableness" as follows:

> Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable* basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the

alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

*Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987) (quoting *Commonwealth ex rel. Washington v. Maroney*, 235 A.2d 349 (Pa. 1967)) (emphasis in original).

In addition, we are mindful that prejudice requires proof that there is a reasonable probability that, but-for counsel's error, the outcome of the proceeding would have been different. *Pierce*, 786 A.2d at 213. "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009) (citing *Commonwealth v. Sneed*, 899 A.2d 1067 (Pa. 2006)). Thus, when it is clear that a petitioner has failed to meet the prejudice prong of an ineffective-assistance-of-counsel claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Baker*, 880 A.2d 654, 656 (Pa. Super. 2005).

Further, it is presumed that the petitioner's counsel was effective, unless the petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). Moreover, we are bound by the PCRA court's credibility determinations where there is support for them in the record. *Commonwealth v. Battle*, 883 A.2d 641, 648 (Pa. Super. 2005) (citing *Commonwealth v. Abu-Jamal*, 720 A.2d 79 (Pa. 1998)).

Here, Appellant has failed to show that his underlying claim, a challenge to the weight of the evidence, is of arguable merit. A successful challenge to the weight of the evidence would have required Appellant to establish that the evidence supporting his conviction was "so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Smith*, 146 A.3d 257, 265 (Pa. Super. 2016). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence ...." *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013).

The PCRA court addressed this issue as follows:

> [The PCRA c]ourt, based upon a review of the entire record, determined that dismissal was proper as no genuine issues of material fact existed. This is especially true on the [persons not to possess firearms] charge, given that the gun was found by police on the Appellant's person. He possessed the gun at the time of his pat down and arrest, the fact that neither his fingerprints nor his DNA was found on the weapon is irrelevant, as his possession was the key fact for the jury to consider in its deliberations.
>
> … The verdict in this matter does not shock one's sense of justice.

PCRA Court Opinion, 10/4/19, at 4-5. The PCRA court then determined that Appellant's ineffective assistance of counsel "claim lacks [arguable] merit because clearly the verdict was not against the weight of the evidence as previously discussed." *Id*. at 6.

Upon review, we agree with the PCRA court's determination that Appellant's underlying claim lacks arguable merit. Appellant was convicted of

persons not to possess firearms. The testimony established that police recovered a gun from Appellant's person. N.T., 2/10/15, at 39. In addition, due to his prior convictions, Appellant was not permitted to possess a firearm. N.T., 2/11/15, at 10. In light of this evidence, we conclude that Appellant's claim of ineffective assistance with regard to the presentation of a motion challenging the weight of the evidence lacks arguable merit. In addition, Appellant has not established that there is a reasonable probability that the outcome of the proceedings would have been different if trial counsel had filed a post-sentence motion challenging the weight of the evidence. *Pierce*, 786 A.2d at 213. Therefore, we cannot conclude that trial counsel was ineffective for failing to preserve a challenge to the weight of the evidence.

Finally, Appellant argues that the PCRA court erred in failing to hold an evidentiary hearing. However, a PCRA hearing is not a matter of right, and the PCRA court may decline to hold a hearing if there is no genuine issue concerning any material fact and the defendant is not entitled to relief as a matter of law. *Commonwealth v. Morrison*, 878 A.2d 102, 109 (Pa. Super. 2005); Pa.R.Crim.P. 907(2). *See Commonwealth v. Payne*, 794 A.2d 902, 906 (Pa. Super. 2002) (the right to a hearing is not absolute, and the PCRA court may deny petition without a hearing if it determines the claims raised are without merit).

Here, the record belies Appellant's claim that his trial counsel was ineffective. As discussed above, the record supports the PCRA court's factual

finding there was no relief due on the basis of the ineffectiveness claim raised.

Thus, an evidentiary hearing was not required.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/8/20