J-S10001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADOLPH LEE | : | |
| | : | |
| Appellant | : | No. 2599 EDA 2021 |

Appeal from the PCRA Order Entered November 9, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013290-2014

BEFORE: PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED JUNE 6, 2023**

Presenting multiple claims of ineffective assistance of his trial counsel, Adolph Lee brings this appeal from the order denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On direct appeal, a panel of this Court summarized the factual history of this case as follows:

> Philadelphia Police Officers used a confidential informant ("CI") to engage in drug transactions involving Lee. Prior to each transaction, the CI called a telephone number in the presence of officers, asked for "Adolph" and asked to purchase drugs. Officers observed Lee coming out of a house in Southwest Philadelphia, or standing on the sidewalk right in front of the house, during each transaction. Following each transaction, the CI returned to the officers with Xanax pills; following one purchase, the CI returned with marijuana as well.
>
> On another occasion, the CI arranged to purchase a firearm from Lee. After a phone call and meeting with Lee, the CI returned

with a firearm and ammunition. After a final drug purchase from the CI, officers arrested Lee and recovered $851 in cash; a cell phone that had the same number as the CI had called to arrange the transactions; and keys that fit the front door of the house in Southwest Philadelphia. Police officers executed a search warrant on the house and recovered a loaded firearm.

*Commonwealth v. Lee*, 56 EDA 2018, 229 A.3d 319 at *1-2 (Pa. Super. filed March 3, 2020) (non-precedential decision). Lee was charged with multiple narcotics and gun violations.

On April 12, 2017, a jury convicted him of three counts of possession with intent to deliver and one count of simple possession. The jury found him not guilty of the remaining charges. On July 13, 2017, the trial court sentenced Lee to serve an aggregate term of incarceration of nine to eighteen years. This Court affirmed Lee's judgment of sentence on March 3, 2020, and he did not seek further review with our Supreme Court.

Lee filed this timely PCRA petition on April 5, 2021,[1] and the PCRA court dismissed the petition on November 9, 2021. This timely appeal followed in which Lee presents multiple challenges to the effective assistance of trial counsel.

Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's

---

[1] We observe Lee needed to file his PCRA petition on or before Monday, April 5, 2021, because Friday, April 2, 2021, was the Good Friday holiday. ***See*** 1 Pa.C.S.A. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation).

determination is free of legal error. **See Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **See id**.

Each of Lee's issues present claims of ineffective assistance of counsel. Concerning ineffective assistance of counsel arguments, we presume counsel is effective, and Lee bears the burden to prove otherwise. **See Commonwealth v. Bennett**, 57 A.3d 1185, 1195 (Pa. 2012). To establish a right to relief, Lee must demonstrate: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. **See Commonwealth v. Solano**, 129 A.3d 1156, 1162-1163 (Pa. 2015).

We observe that claims of ineffective assistance of counsel are not self-proving. **See Commonwealth v. Wharton**, 811 A.2d 978, 986 (Pa. 2002). "[A] post-conviction petitioner must, at a minimum, present argumentation relative to each layer of ineffective assistance, on all three prongs of the ineffectiveness standard…." **Commonwealth v. D'Amato**, 856 A.2d 806, 812 (Pa. 2004) (citation omitted). "[A]n undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy Appellant's burden of establishing that he is entitled to any relief." **Commonwealth v. Bracey**, 795

A.2d 935, 940 n.4 (Pa. 2001) (citation omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." **Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009) (citation omitted).

Under the first prong of the ineffectiveness test, an appellant is not entitled to relief if his underlying legal argument has no merit. **See Commonwealth v. Ousley**, 21 A.3d 1238, 1246 (Pa. Super. 2011). In short, counsel cannot be deemed ineffective for failing to pursue a meritless claim. **See Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

Concerning the third prong, we are mindful that prejudice requires proof that there is a reasonable probability that but-for counsel's error, the outcome of the proceeding would have been different. **See Commonwealth v. Pierce,** 786 A.2d 203, 213 (Pa. 2001). When an appellant has failed to meet the prejudice prong of an ineffective assistance of counsel claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. **See Commonwealth v. Baker**, 880 A.2d 654, 656 (Pa. Super. 2005).

Lee's first issue challenging trial counsel's assistance argues that counsel was ineffective for failing to subpoena the CI. **See** Appellant's Brief at 18-21. Specifically, Lee asserts the CI "would be subject to cross-examination, and provide insight regarding what occurred behind closed doors[.]" **Id**. at

20. Lee further posits that the CI's "testimony would certainly have a reasonable probability to change the verdict; thus, the inaction of [Lee's] trial counsel very likely prejudiced him to the point of the PCRA affording him a new trial." *Id*. at 20-21. However, this allegation presented by Lee is contradicted by the record.

To prevail on a claim of trial counsel's ineffectiveness for failure to call a witness, an appellant must prove: "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial." *Commonwealth v. Johnson*, 966 A.2d 523, 536 (Pa. 2009) (citation omitted). Trial counsel's failure to call a particular witness does not constitute ineffective assistance without some showing that the absent witness's testimony would have been beneficial or helpful in establishing the asserted defense. *See Commonwealth v. Chmiel*, 889 A.2d 501, 546 (Pa. 2005). An appellant must demonstrate how the testimony of the uncalled witness would have been beneficial under the circumstances of the case. *See id*.

Our review of the record reflects that, on February 29, 2016, Lee filed a motion to compel the identity of the CI and to make the CI a material witness. Within the motion, Lee alluded to the fact that the Commonwealth had exposed the identity of the CI at the preliminary hearing through testimony

from the investigating officer. **See** Motion to Compel, 2/29/16, at 2. At the initial hearing on Lee's motion, defense counsel mentioned a name attributed to the CI, and the name was immediately stricken from the record. **See** N.T., 4/14/16, at 42-43. In arguing that the safety of the CI was not a concern, defense counsel stated, "This is a case where the identity of this individual has been known since August, maybe September of 2014, and we have no documentation that there's been any threats, any harm, there's been no arrest for retaliation, there's nothing, witness intimidation." **See** N.T., 4/18/16, at 47. In addition, Lee offered testimony at the hearing indicating that he had known the CI since he was 15 years old. **See id**. at 34. At the conclusion of the hearing, the trial court denied Lee's motion to compel. **See id**. at 60.

Thereafter, defense counsel arranged for an investigator to conduct an interview with the CI while the informant was incarcerated. **See** N.T., 4/3/17, at 4. After defense counsel sought to add the CI to the witness list, the matter was returned to the motions judge who addressed Lee's motion to compel. The motions judge found that the CI could be put on the witness list, but the judge declined to sign a warrant to compel the informant to appear. **See id**. at 4, 20. Regardless, defense counsel indicated that he had subpoenaed the CI and the informant was personally served. **See id**. at 10. Pursuant to the above stated facts, the record belies Lee's allegation that trial counsel failed to subpoena the CI as a witness, which was the premise of the ineffective

assistance claim. Accordingly, there is no merit to the underlying argument, and Lee's claim fails.

Lee next argues that trial counsel was ineffective for failing to move to strike testimony concerning whether Lee was a federally licensed firearms dealer.[2] *See* Appellant's Brief at 21-24. Lee posits "[t]he fact that '[Lee] was not a federally licensed firearms dealer' tended to prove him guilty of his firearm charges." *Id*. at 23. Lee goes on the claim "[t]he fact that [Lee] was not convicted of the firearm charges is not dispositive [because] the introduction of this hearsay evidence still affected the trial unfairly and contributed to [Lee's] conviction on the drug charges." *Id*. at 23-24. Basically, Lee claims that the testimony deprived him of a fair trial on his drug charges.

In addressing this issue, the PCRA court observed that "[Lee] raised a similar claim [in] his [direct] appeal, which the Superior Court denied as

_____

[2] We note that Lee fails to specify in his argument the exact language that he claims should have been stricken by motion of trial counsel. *See* Appellant's Brief at 21-24.  However, in the "statement of the case" offered by Lee, he states:

> On the 7th of April 2017, a Special Agent with the Attorney General's Office, Patrick Mangold, testified. (N.T., 04/07/17 at 157; R. 162a). Special Agent Mangold testified that "[a] handgun can only be sold by a federally licensed firearms dealer" and that Mr. Lee was not a licensed dealer. Mr. Lee's counsel did not object or otherwise move to strike this testimony. (*Id*. at 164-165; R. 163a-164a).

Appellant's Brief at 11.  Therefore, in addressing this issue we will limit our review to that portion of the transcript.

lacking in merit. As the jury found [Lee] not guilty on all the firearms charges, [Lee] failed and could not show that he suffered any prejudice by either his Trial Counsel's failure to object or [the trial court's] statements." PCRA Court Opinion, 5/9/22, at 9 (citations omitted). We agree.

Our review of the certified record reflects that when the prosecutor asked generally about who is "able to sell a handgun in Pennsylvania," Agent Patrick Mangold stated, "A handgun can only be sold by a federally licensed firearms dealer." N.T., 4/7/17, at 164. The following then transpired:

> Q. And just to be clear, did you check to see, in this case, if [Lee] or [co-defendant] were federally licensed firearms dealers?
>
> A. I did not.

N.T., 4/7/17, at 165.

> Moreover, as this Court explained in Lee's direct appeal,
>
> The Commonwealth did not ask him any further questions at that time regarding this issue. During the Commonwealth's redirect, the [trial] court inquired whether it was correct that the gun was not traced back to Lee, to which Agent [Mangold] responded, "That's correct[.]" *Id*. at. 197-98. The [trial] court then called a sidebar and expressed concern that the Commonwealth's question about whether Agent [Mangold] checked to see if Lee was a licensed firearm dealer left the jury "open with the possibility that [Lee] could be a registered dealer." *Id*. at 200. The court suggested that the parties stipulate that Lee was not a licensed firearms dealer. When the parties could not agree to a stipulation, the [trial] court decided to allow the Commonwealth to recall Agent [Mangold] to ask limited questions regarding why he did not check Lee's dealer status.

***Commonwealth v. Lee***, 56 EDA 2018, 229 A.3d 319 at *13-14.

In concluding that Lee's direct appeal challenge to the trial court's "willingness to specifically instruct a witness' testimony showed extreme bias and … prejudiced Lee," we determined that "Lee has at most shown harmless error as the jury found him not guilty of the firearms charges." *Id*. at *15-16 (citations and brackets omitted). This is in harmony with the thoughts of the trial judge who opined at sidebar that the testimony in question would "be giving this jury a misapprehension that this [agent] is not checking [whether Lee is a registered firearms dealer]." N.T., 4/7/17, at 200. The trial judge further stated that "this jury is left open with the possibility that [Lee] could be a registered dealer." *Id*.

> As our Supreme Court has reiterated,
>
> the test for prejudice in the ineffectiveness context is more exacting than the test for harmless error, and the burden of proof is on the defendant, not the Commonwealth. As a general and practical matter, it is more difficult for a defendant to prevail on a claim litigated through the lens of counsel ineffectiveness, rather than as a preserved claim of trial court error.

*Commonwealth v. Spotz*, 84 A.3d 294, 310 (Pa. 2014) (citations and quotation marks omitted).

Considering the heightened standard of prejudice in this ineffectiveness claim, and the fact that we previously held that Lee has at most shown harmless error, it is our determination that Lee did not suffer prejudice from trial counsel's failure to object to testimony that allowed the jury to infer that Lee was possibly a registered firearms dealer. In light of the testimony's likely positive impact in favor of Lee, we conclude that Lee has failed to establish

the necessary prejudice to present a meritorious ineffectiveness claim. Accordingly, this issue fails.

Third, Lee argues trial counsel was ineffective for failing to request the trial court grant permission to the jury to take notes. *See* Appellant's Brief at 24-26. Lee alleges that "the trial court incorrectly told jurors that [Lee's] trial would be only 2 days[, and] once it became … clear that the trial would be over a week, jurors were never given notebooks and pens." *Id*. at 25.

Pennsylvania Rule of Criminal Procedure 644 governs note taking by jurors. The version of Rule 644 in effect at the time of Lee's trial set forth the following:

> (A) When a jury trial is expected to last for more than two days, jurors shall be permitted to take notes during the trial for their use during deliberations. When the trial is expected to last two days or less, the judge may permit the jurors to take notes.
>
>> (3) The court, the attorney for the Commonwealth, and the defendant's attorney, or the defendant if unrepresented, shall not request or suggest that jurors take notes, comment on the jurors' note taking, or attempt to read any notes.

Pa.R.Crim.P. 644 (A)(3). Regarding jury instructions about note taking, the Rule indicates that "[a]t a minimum, the judge shall instruct the jurors that: the jurors are not required to take notes and are not required to take extensive notes." Pa.R.Crim.P. 644(B)(1).

Further, the Comment to Rule 644 includes a "strongly recommended" jury charge instructing the jurors that "you are under no obligation to take notes and it is entirely up to you whether you wish to take notes[.]"

Pa.R.Crim.P. 644 Cmt. The recommended instruction offers the following additional insight into juror note taking: "Your notes are only to be used by you as memory aids and should not take precedence over your independent recollection of the facts. Those of you who do not take notes should not be overly influenced by the notes of other jurors. It is just as easy to write something down incorrectly as it is to remember it incorrectly and your fellow jurors' notes are entitled to no greater weight than each juror's independent memory." ***Id***.

To establish prejudice, Lee states, "If [Lee's] jurors had the chance to log and note the evidence in his case, this would have helped [Lee]. Thus, there is a reasonable probability that the verdict for even the PWID charges would be different had the jurors had notebooks." Appellant's Brief at 25-26. This claim amounts to nothing more than a bald allegation. Lee further speculates as to what the jury would have recorded if the members had been given notebooks. ***See id***. at 26. Considering the optional nature associated with the opportunity given to jurors to take notes, Lee's attempts to establish that the outcome of the proceedings would have been different is nothing more than mere conjecture.

Lee last argues that his trial counsel was ineffective for failing to request the bifurcation of his firearm charges and drug charges.[3] *See* Appellant's Brief at 26-30. Lee contends that the drug charges and the gun charges were separate and distinct and trial counsel should have motioned for bifurcation. *See id*. at 29.

When the Commonwealth charges multiple offenses in the same information, "[t]he court may order separate trials of offenses ... if it appears that any party may be prejudiced by offenses ... being tried together." Pa.R.Crim.P. 583. In relation to severance of charges, prejudice is considered to be "that which would occur if the evidence tended to convict the appellant only by showing his propensity to commit crimes, or because the jury was incapable of separating the evidence or could not avoid cumulating the evidence." *Commonwealth v. Ferguson*, 107 A.3d 206, 210 (Pa. Super. 2015) (citations and brackets omitted).

Here, the PCRA court observed, "[a]fter several transactions where the [CI] purchased illegal substances from [Lee], the [CI] engaged in another transaction resulting in the sale of a firearm. A concrete and relevant nexus

_____

[3] At Docket 13290-2014, the Commonwealth filed an information charging Lee with three counts each of possession with intent deliver and conspiracy, and one count each of simple possession, criminal use of communication facility, possession of drug paraphernalia, possession of firearm prohibited, possession of an instrument of crime, and penalties - sales to an ineligible transferee. *See* Information, 12/12/14. The Commonwealth charged these offenses in the same information under Pa.R.Crim.P. 563(A)(2).

- 12 -

had been established that had required joinder of the charges." PCRA Court Opinion, 5/9/22, at 6. Regarding prejudice, the PCRA court aptly noted, "[Lee] was acquitted on all the firearms charges. The [j]ury was able to distinguish the issues and apply different weights to the evidence. In turn, there had been zero prejudice created from the joinder of the offenses for trial." *Id*. at 6-7.

Lee presents no viable argument that the jury was incapable of separating the respective crimes to avoid confusion. Moreover, there is no suggestion in the record that the jury convicted Lee of the drug charges based on his propensity to commit crimes. Indeed, the record establishes that Lee was found not guilty on all the firearm charges. Consequently, there is no indication that Lee was prejudiced by the consolidation of the offenses. Accordingly, Lee failed to establish that trial counsel was ineffective for failing to motion the trial court to sever the charges.

Finally, we observe that Lee included in his appellate brief allegations that the PCRA court erred in dismissing his PCRA petition without an evidentiary hearing. *See* Appellant's Brief at 5. Lee has included vague argumentation to that effect throughout his brief with claims that he has a right to an evidentiary hearing and that a hearing is necessary for him to develop the record.

A PCRA court may decline to hold a hearing on the petition if it determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *See*

*Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001). A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. *See id*. In addition, a PCRA hearing is not a matter of right, and the PCRA court may decline to hold a hearing if there is no genuine issue concerning any material fact and the defendant is not entitled to relief as a matter of law. *See Commonwealth v. Morrison*, 878 A.2d 102, 109 (Pa. Super. 2005); Pa.R.Crim.P. 907(2). *See also Commonwealth v. Payne*, 794 A.2d 902, 906 (Pa. Super. 2002) (the right to a hearing is not absolute, and the PCRA court may deny petition without a hearing if it determines the claims raised are without merit).

Here, we have examined each of Lee's issues presented on appeal, and the record belies Lee's claim that his trial counsel was ineffective. As discussed above, the record supports the PCRA court's determinations pertaining to the claims of ineffectiveness. Consequently, an evidentiary hearing was not required.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/6/2023</u>