**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**John BAKER, Appellant.**

Superior Court of Pennsylvania.

Submitted May 9, 2005.

Filed July 25, 2005.

Thomas P. Finn, Ebensburg, for appellant.

David J. Tulowitzki, Assistant District Attorney, Ebensburg, for Commonwealth, appellee.

Before: LALLY–GREEN, McCAFFERY, and JOHNSON, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, John Baker, appeals from the September 17, 2004 denial of his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. We reverse and remand.

¶ 2 The trial court recited the following facts and procedural history:

On December 11, 2002, John Baker, Defendant herein, sold heroin to a detective and an undercover police officer for $110. Defendant was apprehended and charged accordingly. Defendant was also charged with another delivery for a different date, but as part of the plea bargain, the other delivery was to be nol prossed.

On August 25, 2003, Defendant plead [sic] guilty to Delivery (Heroin). Based on his prior record, the sentencing guidelines gave a range of three months to twelve months. On October 3, 2003, Defendant was sentenced as follows:

**Delivery (Heroin):** Pay the costs of prosecution, pay a $200 fine and undergo imprisonment in Cambria County Jail for a period of time of not less than one year less a day nor more than four years less a day[.]

Defendant was allowed to remain in the Cambria County Prison to serve his jail time, however, because of the four year term, he would be under State supervision for his parole. On October 10, 2003, a Post Sentence Motion for Sentence Modification was filed. On November 18, 2003, that Motion was denied. This Petition for Post Conviction Relief then followed. A hearing was held by this Court regarding the PCRA Petition on September 16, 2004 and an Order denying the Petition for Post Conviction Relief was then filed on September 17, 2004. Defendant now appeals that Order.

Defendant's contention is that he was promised that he would be under County supervision once released from prison, not under State supervision. A plea agreement was signed by Defendant on August 25, 2003. The agreement reads as follows:

1. Defendant will plead guilty to the following offense(s):

a. Violation of Controlled Substance, Drug Device and Cosmetic Act, Delivery of heroin, an ungraded felony, having a maximum penalty of 15 years and/or $250,000 fine,

entered to Case # 1632–2003, Count II,

2. All of the remaining charges will be nol prossed...

3. Defendant agrees to pay restitution...

4. Except as expressly provided otherwise herein, there is no other agreement as to sentence of any other matter.

There is no evidence of any agreement of a County sentence. During the Guilty Plea, Defendant was asked if anything was promised to him.

THE COURT: Do you admit you sold this heroin?

THE DEFENDANT: Yes, sir.

THE COURT: Has anyone threatened, forced or intimidated you in any way to admit that today?

THE DEFENDANT: No, sir.

THE COURT: Do you understand how a trial works and what you have read here and what I have told you here today and your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Do you give up that right in order to plead guilty?

THE DEFENDANT: Yes, sir.

THE COURT: Has anyone promised you anything?

THE DEFENDANT: No, sir.

THE COURT: Do you know you can get anything from 15 years in jail and a $250,000 fine. Do you understand?

THE DEFENDANT: Yes, sir.

Defendant was able to serve his time here in Cambria County, however, he would have to be under State supervision after his release. There is no evidence that he requested or was promised otherwise.

Trial Court Opinion, 1/21/05, at 1–3.

¶ 3 Appellant raises the following issues for our review:

1. Did the Trial Court err as a matter of law in denying Appellant's P.C.R.A. Petition which was based upon Appellant's assertion that as a result of ineffective assistance of counsel he was unlawfully induced to entering a guilty plea?

2. Did the Trial Court err as a matter of law in denying Appellant's P.C.R.A. Petition with respect to his request to appeal nunc pro tunc to the Pennsylvania Superior Court?

Appellant's Brief at 4.[1]

¶ 4 We review the PCRA court's order to determine whether the record supports the PCRA court's order and whether the order is free of legal error. *Commonwealth v. Allen,* 557 Pa. 135, 732 A.2d 582, 586 (1999). Moreover,

In order to succeed on an ineffectiveness of counsel claim, appellant must establish that the underlying claim is of arguable merit, counsel's course of action lacked any reasonable basis for advancing his client's interests, and Appellant has suffered prejudice as a result. Counsel is presumed effective and appellant has the burden of proving otherwise. When it is clear that appellant has failed to meet the prejudice prong [of his ineffective assistance of counsel claim], the claim may be disposed on that basis alone, without a determination of whether the first two prongs have been met.

**1.** Appellant preserved these issues in a timely filed Concise Statement of Matters Com-

plained of on Appeal. Pa.R.A.P.1925(b).

*Commonwealth v. Fink,* 791 A.2d 1235, 1246 (Pa.Super.2002) (internal citations and quotation marks omitted).

¶ 5 We turn our attention to Appellant's second issue, which we conclude is dispositive. The record of Appellant's PCRA hearing reflects the following testimony from his guilty plea counsel:

> November 18th of '03, I telephoned—actually I don't have a record. I spoke to [Appellant], and that would have been the motion for hearing to modify his sentence. It was denied.... There was no modification of sentence. Told the defendant the Public Defender's Office would not file the appeal because I did not find there to be any grounds for it, and he would have to file within 30 days with the Superior Court and hire private counsel to do that. There was actually no grounds for us to file any type of appeal.

N.T., 9/16/04, at 12.

¶ 6 Our Supreme Court addressed the ramifications of counsel's unjustified failure to file a requested direct appeal in *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564 (1999). The Court held that such failure violates the defendant's constitutional right to counsel:

> Thus, we hold that, where there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9 and constitutes prejudice for purposes

of Section 9543(a)(2)(ii). Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

*Id.* at 572.

¶ 7 Under these circumstances, we conclude that Appellant is entitled to file a counseled appeal *nunc pro tunc.* The public defender's refusal to file an appeal deprived Appellant of his right to counsel under the United States and Pennsylvania Constitutions.[2] We therefore reverse the PCRA court's order and remand for a counseled appeal *nunc pro tunc.*

¶ 8 Order reversed. Remanded for further proceedings. Jurisdiction relinquished.

---

**2.** We remind counsel that *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), governs the appropriate means of handling appeals deemed to be frivolous.

Nothing in the law entitles appointed counsel to simply refuse to take any action with respect to a client's constitutionally guaranteed right to a counseled direct appeal.