J-S29014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
            v.   :
  :
  :
  :
DONALD BRADON SMITH   :
  :
        Appellant   :   No. 124 WDA 2022

Appeal from the PCRA Order Entered January 7, 2022
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001771-2016

BEFORE:   PANELLA, P.J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:       **FILED: November 18, 2022**

Donald Bradon Smith brings this appeal from the order denying his

petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§

9541-9546. We affirm.

Around Thanksgiving in 2014, the twelve-year-old female complainant

and her mother were living at the residence of Smith and his wife in Cardale,

Pennsylvania. In addition to Complainant and her mother, another couple was

staying at the residence. Complainant had her own room, which was next to

the bedroom used by Smith and his wife.

Complainant accused Smith of initiating sexual contact with her on three

separate days in late November of 2014. Complainant's account of the various

---

[*] Retired Senior Judge assigned to the Superior Court.

incidents included allegations of oral and digital sex, as well as Smith penetrating Complainant's vagina with his penis.

A jury convicted Smith of one count each of involuntary deviate sexual intercourse ("IDSI") and statutory sexual assault, and two counts each of sexual assault and aggravated indecent assault.[1] On January 3, 2018, the trial court sentenced Smith to serve a term of incarceration of nine to eighteen years for the conviction of IDSI and no further penalty on the remaining convictions.

On direct appeal, Smith argued that the evidence was insufficient to support the verdicts. On November 9, 2018, a panel of this Court affirmed Smith's convictions but, *sua sponte*, determined that a portion of his sentence was illegal and remanded. **See Commonwealth v. Smith**, 171 WDA 2018 (Pa. Super. filed November 9, 2018) (unpublished memorandum).

On February 5, 2019, the trial court resentenced Smith to a term of incarceration of nine to eighteen years. Smith did not file a direct appeal. However, on March 6, 2020, Smith filed a *pro se* document with the trial court requesting relief under the PCRA. Appointed counsel filed an amended PCRA petition on April 20, 2020, which raised two claims of ineffective assistance of trial counsel. The PCRA court held a hearing, and on January 7, 2022, the PCRA court entered an order denying relief. This timely appeal followed, in

---

[1] 18 Pa.C.S.A. §§ 3123(a)(7), 3122.1(b), 3124.1, and 3125(a)(8), respectively.

which Smith presents two issues that challenge the effective assistance of trial counsel.

Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *See Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See id*.

Concerning ineffective assistance of counsel arguments, we presume counsel is effective, and the appellant bears the burden to prove otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The appellant must demonstrate: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Solano*, 129 A.3d 1156, 1162-1163 (Pa. 2015).

We observe that claims of ineffective assistance of counsel are not self-proving. *See Commonwealth v. Wharton*, 811 A.2d 978, 986 (Pa. 2002). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009) (citation omitted).

Pursuant to the first prong, we note that where an appellant is not entitled to relief on the underlying claim upon which his ineffectiveness claim is premised, he is not entitled to relief with regard to his ineffectiveness claim. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1246 (Pa. Super. 2011). In short, counsel cannot be deemed ineffective for failing to pursue a meritless claim. *See Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

Moreover, regarding the second prong, we have reiterated that trial counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Ervin*, 766 A.2d 859, 862-863 (Pa. Super. 2000) (citation omitted). Our Supreme Court explained our review of reasonableness as follows: "Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable* basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record." *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987) (citation omitted) (emphasis original).

Concerning the third prong, we are mindful that prejudice requires proof that there is a reasonable probability that but-for counsel's error, the outcome of the proceeding would have been different. *See Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001). When an appellant has failed to meet the

prejudice prong of an ineffective assistance of counsel claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. **See Commonwealth v. Baker**, 880 A.2d 654, 656 (Pa. Super. 2005).

Smith first argues that trial counsel was ineffective for failing to challenge properly the inconsistencies between Complainant's testimony at the preliminary hearing and her testimony at trial. **See** Appellant's Brief at 11-13. Smith claims that a more detailed cross-examination of Complainant at trial, using the transcript from the preliminary hearing, would have highlighted the inconsistencies and discredited Complainant's version of the events.

The PCRA court determined that trial counsel followed a reasonable strategy in choosing not to question Complainant with the aid of the preliminary hearing transcript. The PCRA court observed that trial counsel "did not want the jury to hear of other allegations of penetration." PCRA Court Opinion, 1/7/22, at 2. In addition, the PCRA court noted that trial counsel "explained that confronting the minor child's nuances of testimony would appear to revictimize her in front of the jury." **Id**. Instead, trial counsel "brought forth the inconsistent victim testimony through the prosecuting office[r]." **Id**. The PCRA court ultimately concluded that trial counsel had a reasonable basis for choosing to bring Complainant's inconsistent version of events before the jury through the investigating officer and not the minor victim. We agree.

Upon review of the certified record, we conclude that trial counsel adequately cross-examined the prosecuting officer regarding the discrepancies of Complainant's version of events. Counsel was able to highlight for the jury that Complainant's testimony from the preliminary hearing was inconsistent with the testimony she offered at trial. *See* N.T., 5/3-5/17, at 114-119. Accordingly, the incongruity in Complainant's preliminary hearing and trial testimony was submitted to the jury without appearing to exploit Complainant. Therefore, we can find no error in the PCRA court's conclusion that counsel's trial strategy in this regard was reasonable. Accordingly, Smith's first claim challenging the effective assistance of trial counsel fails.

Second, Smith argues that trial counsel was ineffective for failing to adequately question his wife, Spring Smith ("Spring"). In his PCRA petition, Smith suggested that trial counsel did not properly question Spring about the couple's living arrangements around the time of the incidents. *See* PCRA Petition, 6/26/20, at 5. Smith posited that, because he and Spring were staying with another couple, T.R. and A.R., he did not have the opportunity to commit the crimes against Complainant. *See id*. Further, at the PCRA hearing and in his appellate brief, Smith has alleged that trial counsel was ineffective in questioning Spring because counsel "failed to elicit from Spring … the fact that during the short period of time while [Smith] was out of prison, when the alleged sexual assaults would have occurred, [Smith] was with [Spring]

continuously[.]" **See** Appellant's Brief at 14. Smith contends that trial counsel's failure denied Smith of the opportunity to discredit Complainant's testimony and denied Smith of a potential alibi defense. This challenge to the effective assistance of trial counsel is contradicted by the record.

Our review reflects that trial counsel questioned Spring about who was living in the residence around the time of Thanksgiving 2014. Spring testified to the following people living together at the time, "It was me, [Smith], another couple, Scott and Casey, and then [Victim's mother] and her boyfriend at the time, Bill, and then [Victim] had moved in." N.T., 5/3-5/17 at 145. Accordingly, at trial Spring gave an explicit listing of the people who were residing together at the time of the assaults described by Complainant. T.R. and A.R. were not among the people specified. Therefore, Spring's own testimony negates Smith's assertion that he and Spring were staying with that couple.

Likewise, the record contradicts Smith's allegation that trial counsel did not question Spring about constantly being in Smith's presence when Smith was out of prison. At trial, Spring explained that in October of 2014, Smith had pled guilty to retail theft and was awaiting sentencing on December 2, 2014. **See** N.T., 5/3-5/17, at 148. When trial counsel asked Spring about the time while Smith was awaiting sentencing and incarceration, Spring testified: "We spent every moment we could together, you know, other than the fact of having to use the restroom or, you know, [Smith] would go with friends here

and there, you know, … but when it came to being at the house we were inseparatable (sic)." ***See id***. Contrary to Smith's allegation of what trial counsel left missing from Spring's trial testimony, this statement from Spring establishes that defense counsel did elicit from Spring the assertion that she and Smith were continuously in each other's presence during the time that Smith was awaiting sentencing.

Accordingly, any allegation that trial counsel was ineffective for not adequately questioning Spring on these two points is refuted by the record. Consequently, the underlying claims lack arguable merit. Therefore, Smith's contention that trial counsel was ineffective in this regard fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2022