**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD POLITE | : | |
| | : | |
| Appellant | : | No. 1371 WDA 2022 |

Appeal from the PCRA Order Entered October 26, 2022
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0004135-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD POLITE | : | |
| | : | |
| Appellant | : | No. 1372 WDA 2022 |

Appeal from the PCRA Order Entered October 26, 2022
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0004134-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD POLITE | : | |
| | : | |
| Appellant | : | No. 1373 WDA 2022 |

Appeal from the PCRA Order Entered October 26, 2022
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0004133-2019

J-S28008-23

MEMORANDUM BY PANELLA, P.J.:                    **FILED: October 31, 2023**

Edward Polite appeals from the order entered in the Westmoreland County Court of Common Pleas on October 26, 2022, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. After careful review, we affirm.

On November 6, 2019, Polite was charged by criminal information at the three dockets listed above. The offenses stemmed from a fight between Polite and his neighbor, Thomas Jackson. At docket CP-65-CR-0004135-2019, Polite was charged with possession of a firearm by a person legally prohibited, aggravated assault, simple assault, and public drunkenness for allegedly punching Jackson and then waving a gun around, threatening to shoot Jackson and several of Jackson's family members. At docket CP-65-CR-0004134-2019, Polite was charged with institutionalized vandalism for reportedly spitting blood throughout the police station's holding cell. Finally, at docket CP-65-CR-0004133-2019, Polite was charged with escape for failing to turn himself into the police after being discharged from the hospital where he was seen for injuries arising from the altercation.

On August 24, 2020, Polite waived his right to a jury and proceeded to a bench trial. The three cases were consolidated for trial. The Commonwealth

_____

[*] Former Justice specially assigned to the Superior Court.

- 2 -

presented five eyewitnesses, including Jackson, two of his children, his children's mother, and a neighbor. The Commonwealth also provided police testimony in the other cases. Finally, Polite testified on his own behalf.

After the trial, the trial court convicted Polite of all charges except the two assault charges. The trial court sentenced Polite to an aggregate term of six to twelve years' imprisonment, followed by two years' probation.

Trial counsel was subsequently granted leave to withdraw. Polite was permitted to apply for a public defender to pursue potential appellate issues.

On October 16, 2020, Polite filed a *pro se* "Petition for Appointed Counsel and Post Conviction Relief" at all three dockets, raising claims of ineffective assistance of trial counsel. Specifically, Polite claimed trial counsel was ineffective for failing to (1) file a Rule 600 motion, (2) file a pre-trial suppression motion, (3) preserve body camera tapes and police radio tapes, and (4) investigate the existence of surveillance video from a security camera positioned near his home.

PCRA counsel was appointed and filed an amended PCRA petition on January 13, 2021, raising the same four claims of ineffective assistance of trial counsel.

An evidentiary hearing was held over a year later. Trial counsel testified he entered his appearance in early 2020, after prior counsel had left the matter, and went to the jail to meet Polite. **See** N.T., PCRA Hearing, 5/12/2022, at 5. Due to COVID-19 restrictions that started soon thereafter,

- 3 -

trial counsel could not go back to the jail, but had approximately twenty-five telephone conversations with Polite prior to trial. ***See id***.

Trial counsel reviewed multiple hybrid motions filed by Polite *pro se*, including a Rule 600 motion, a suppression motion, and a motion to preserve police radio tapes. ***See id***. at 8-10. Trial counsel recalled filing a Rule 600 motion for nominal bond due to Polite's expressed desire to get out of jail. ***See id***. at 7. The petition was denied. ***See id***.

Trial counsel did not recall Polite asking to file a suppression motion. ***See id***. at 9. Trial counsel confirmed he did not file any suppression motions because he did not think there were any suppression issues of merit. ***See id***. at 26.

Trial counsel did not recall ever seeing the motion to preserve police radio tapes. ***See id***. at 10. Trial counsel asserted any preservation issues would have been dealt with by previous counsel, as he was not hired until January 2020. ***See id***. at 12-13. Further, he would not have seen any benefit to having any radio calls available during trial because they may have been harmful to the case due to how angry Polite was on that day. ***See id***. at 25.

Trial counsel did not file any formal motions for discovery. ***See id***. at 10. However, counsel did make an oral request at the first status hearing and the assistant district attorney provided discovery, which did not include any videotapes. ***See id***.

Trial counsel did not recall discussing any cameras with Polite, or Polite asking counsel to seek video footage from a security camera owned by the City of New Kensington that was adjacent to the scene. *See id*. at 12. In fact, trial counsel stated he had "never heard of any type of video the entire time" and that the PCRA hearing was the first time he heard there is a video. *Id*. at 18. Counsel confirmed he never received any video from the Commonwealth, and upon checking the Commonwealth's entire file during the hearing, confirmed that no video was included. *See id*. at 20. PCRA counsel stipulated that he did not receive any videos from the Commonwealth in response to his requests for discovery either. *See id*.

Trial counsel confirmed he did not file any post-sentence motions or any appeals, and that he was not directed to do so by Polite. *See id*. at 17.

Polite also testified at the evidentiary hearing. Polite claimed he asked trial counsel to obtain the police dispatch calls and body camera footage to find out why the police had been called to his home. Specifically, he argued these materials would confirm that no guns were ever mentioned and that the calls were only pertaining to a fight. *See id*. at 31.

Polite also alleged that he had two conversations with trial counsel about obtaining footage from a security camera located near his home. *See id*. at 31-32. He believed this footage was important because it would show he did not possess a gun that day, and that the Commonwealth's witnesses were lying. *See id*. at 32.

On cross-examination, Polite could not confirm that any video footage actually exists, or that the camera was operational at the time of the incident. *See id*. at 33-37. Polite indicated he moved forward with trial despite knowing his attorney had not obtained the security footage because he relied on his lawyer's advice and did not want to postpone due to his incarceration and the potential for substantial delays caused by COVID-19. *See id*. at 41.

After consideration of briefs filed by both Polite and the Commonwealth, the PCRA court issued an order dismissing the PCRA petition. This timely appeal followed.

"The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record" *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

Polite raises a claim of ineffective assistance of trial counsel. We presume counsel is effective, and an appellant bears the burden to prove otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Commonwealth v. Kimball*, 724 A.2d 326, 330-332 (Pa. 1999). An appellant must demonstrate: (1) his underlying claim is of

arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. **See Commonwealth v. Solano**, 129 A.3d 1156, 1162-63 (Pa. 2015). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. **See id**. at 1163.

Pursuant to the first prong, we note that where an appellant is not entitled to relief on the underlying claim upon which his ineffectiveness claim is premised, he is not entitled to relief with regard to his ineffectiveness claim. **See Commonwealth v. Ousley**, 21 A.3d 1238, 1246 (Pa. Super. 2011). In short, counsel cannot be deemed ineffective for failing to pursue a meritless claim. **See Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

Moreover, regarding the second prong, we have reiterated that trial counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." **Commonwealth v. Ervin**, 766 A.2d 859, 862-863 (Pa. Super. 2000) (citation omitted). Our Supreme Court explained our review of reasonableness as follows:

> Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable* basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record.

***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987) (citation omitted)

(emphasis in original).

Concerning the third prong, we are mindful that prejudice requires proof

that there is a reasonable probability that but-for counsel's error, the outcome

of the proceeding would have been different. ***See Commonwealth v. Pierce***,

786 A.2d 203, 213 (Pa. 2001). When an appellant has failed to meet the

prejudice prong of an ineffective assistance of counsel claim, the claim may

be disposed of on that basis alone, without a determination of whether the

first two prongs have been met. ***See Commonwealth v. Baker***, 880 A.2d

654, 656 (Pa. Super. 2005).

On appeal, Polite argues the PCRA court erred in finding he failed to

satisfy the ***Strickland*** test. Polite's argument on appeal focuses on trial

counsel's failure to seek any video recording of Polite's fight with Jackson:

> Clearly, this lack of investigation and [Polite]'s related claim has
> arguable merit. [Trial counsel] had no reasonable basis to not
> pursue the video. [Polite] certainly was prejudiced by this act []
> or omission. The testimony of the witnesses proved to be a major
> factor in [Polite]'s conviction. The trial court stated on August 24,
> 2020[,] that "[w]e had testimony from five different witnesses
> who heard him— or who witnessed him brandishing a firearm and
> hear him asking his wife for the firearm." Determining the status
> of the security camera footage was imperative to [Polite]'s
> defense. Assuming his testimony is credible, said video would
> have further supported the veracity of [Polite]'s testimony, and
> also weakened the reliability of the aforementioned witnesses.
> Furthermore, the failure to litigate through a motion to compel
> discovery or to serve subpoenas upon the appropriate parties prior
> to or during trial could not have been the result of any rational,
> strategic, or tactical decision by counsel. [Trial counsel] failed to
> undertake reasonable investigations or make reasonable decisions

that related to the video. Moreover, counsel did not render any reasonable decision that made this particular investigation unnecessary. Therefore, [trial counsel's] representation was ineffective.

Appellant's Brief, at 20-21.

"Counsel cannot be faulted for failing to discover or present evidence if Appellant fails to meet the burden of establishing that the evidence exists." *Commonwealth v. Fisher*, 813 A.2d 761, 771 (Pa. 2002) (citations omitted). Polite failed to establish the existence of a camera in the area, that the camera was operational at the time of the incident, that any surveillance video ever actually existed, or that the video recording was retained by the owner of the camera. Accordingly, Polite has failed to meet his burden of proof to support his claim of ineffective assistance of trial counsel.

As Polite failed to prove his claim was of arguable merit, the PCRA court did not err in finding Polite failed to satisfy the *Strickland* test. Polite's sole claim on appeal therefore merits no relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/31/2023

- 9 -