J-S11045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOMMY TRAN | : | |
| | : | |
| Appellant | : | No. 1842 EDA 2023 |

Appeal from the PCRA Order Entered July 7, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003556-2017

BEFORE:   BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED OCTOBER 03, 2024**

Appellant, Tommy Tran, appeals from the order dismissing his timely

first petition filed under to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.

§§ 9541-9546.  We affirm.

The following are the facts of this case as set forth by the PCRA court:

> At around 1:50 am on February 10, 2017, Appellant, Tommy
> Tran, along with coconspirators Mohamad Abozaid and Hakim
> Riley, attacked two elderly women in their home at 2101 South
> 66th Street in Philadelphia.  N.T. 9/28/2017 9:20-24, 10:1-10.
> Appellant encountered one of the women, H.N., in the kitchen,
> and forced her upstairs at gun and knifepoint.  N.T. 2/27/2018 4:
> 13-17.  A co-conspirator found the other woman, T.P., as she was
> sleeping, woke her up, brought her to the same room as H.N.  N.T.
> 2/27/2018 4:20-24.  Appellant and his coconspirators tied both
> women up, and physically assaulted them.  Both women were
> punched, and H.N. was strangled.  N.T. 9/28/2017 10:11-15.

———————————————————————

[*] Retired Senior Judge assigned to the Superior Court.

During the incident, neighbors heard yelling and called the police.  N. T 2/27/2018 5: 11-19.  Police arrived and stopped the robbery in progress.  Once in the house, police found H.N. and T.P. still tied up.  N.T. 2/27/2018 5:20-25, 6:1-3.  The police found Appellant and Abozaid in the rear bedroom underneath a bed.  N.T. 2/27/2018 6:20-23.  Abozaid came out from under the bed, but Appellant refused and was forcibly removed.  N.T. 2/27/2018 7:17-21.  Police observed cash strewn about the room and recovered several hundred dollars, as well as one complainant's jewelry from Appellant.  N.T. 2/27/2018 6:25, 7:1-3.  Appellant was identified as having carried a gun during the attack.  N.T. 2/27/2018 7:3-14.  Appellant is not licensed to carry a firearm.  N.T. 9/28/2017 13:4-5.  As a result of this incident, Appellant was arrested and charged with aggravated assault, burglary, and related offenses.

PCRA Court Opinion, 8/17/23, at 1-2.  In addition, the PCRA court summarized

the procedural history leading to the instant PCRA petition as follows:

On September 28, 2017, Appellant entered into a non-negotiated guilty plea before the Honorable Rayford A. Means to one count each of aggravated assault, burglary, [possession of a firearm not to be carried without a license,] and criminal conspiracy, and two counts each of robbery and unlawful restraint.[1]

On February 27, 2018, Judge Means sentenced Appellant to an aggregate sentence of 10-20 years of confinement, followed by 20 years of probation.  Appellant filed a motion for reconsideration of sentence on March 9, 2018.  On March 13, 2018, Judge Means vacated Appellant's sentence pending a hearing.  Before a hearing was held on that motion, Appellant filed a notice of appeal to the Superior Court of Pennsylvania, which was quashed as interlocutory (1350 EDA 2018).  On April 12, 2018, Judge Means held a reconsideration hearing and denied Appellant's motion without reimposing the original sentence.  On December 24, 2018, Judge Means reimposed the original sentence.

---

[1] 18 Pa.C.S. §§ 2702(a), 3502(a)(1)(i), 6106(a)(1), 903, 2902(a)(1), and 3701(a)(1)(ii), respectively.

On February 4, 2019, Appellant filed a motion to dismiss. On May 6, 2019, Judge Means formally denied that motion. Appellant filed a notice of appeal to the Superior Court of Pennsylvania on June 5, 2019, and the Superior Court affirmed Judge Means' sentence on July 14, 2020 (1658 EDA 2019).

*Id*. at 2-3.

On July 27, 2020, Appellant filed a PCRA petition. In addition, on August 13, 2020, he filed a timely petition for allowance of appeal with our Supreme Court, which was denied on February 26, 2021. On June 15, 2021, Appellant's counsel filed an amended PCRA petition.[2]

The PCRA court issued a Pa.R.Crim.P. 907 notice, indicating its intent to dismiss the petition, and on July 7, 2023, the PCRA court issued an order denying PCRA relief. Thereafter, the PCRA court permitted PCRA counsel to withdraw and appointed new counsel. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

I. Whether the PCRA court erred in not granting relief on the PCRA petition alleging counsel was ineffective for failing to preserve challenges to [Appellant's] sentence for appeal[?]

II. Whether the PCRA court erred in not granting an evidentiary hearing[?]

Appellant's Brief at (suggested answers omitted).

_____

[2] Due to Judge Means's retirement, on May 2, 2023, the case was reassigned to the Honorable Zachary C. Shaffer.

- 3 -

In reviewing the denial of PCRA relief, we are "limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Mitchell**, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

Appellant first argues that the PCRA court erred in failing to grant relief on his claim that sentencing counsel was ineffective for failing to preserve claims of prosecutorial misconduct at the time of Appellant's resentencing. **See** Appellant's Brief at 15-17. Essentially, he contends that the prosecutor made improper statements concerning the facts of this case, which Appellant claims led the sentencing court to impose a harsher sentence upon Appellant than it imposed upon Appellant's co-defendant. Appellant posits that as a result of the alleged misstatements by the prosecutor, "the sentence for his codefendant was much less than Appellant's sentence due to the misleading comments." **Id**. at 17.

"It has long been settled in Pennsylvania law that a prosecutor should, at all times, conduct the Commonwealth's case fairly, present it in an impartial manner, and avoid seeking to influence the jury by arousing their prejudices." **Commonwealth v. Clancy**, 192 A.3d 44, 54 (Pa. 2018) (citation, brackets,

and quotation marks omitted). "To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." *Commonwealth v. Koehler*, 36 A.3d 121, 144 (Pa. 2012) (citation omitted). "The touchstone is fairness of the trial, not the culpability of the prosecutor." *Id.* (citation omitted). A claim of prosecutorial misconduct is waived when a defendant fails to make a contemporaneous objection in the trial court. *Commonwealth v. Barkman*, 295 A.3d 721, 740 (Pa. Super. 2023).

Regarding challenges to the effective assistance of counsel, we employ a well-settled set of precepts:

> We presume counsel's effectiveness, and an appellant bears the burden of proving otherwise. To establish ineffectiveness of counsel, a PCRA petitioner must plead and prove: [(1)] his underlying legal claim has arguable merit; [(2)] counsel's actions lacked any reasonable basis; and [(3)] counsel's actions prejudiced him. Failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

*Commonwealth v. Urwin*, 219 A.3d 167, 172 (Pa. Super. 2019) (internal citations and quotation marks omitted) (brackets added).

Under the first prong of the ineffectiveness test, an appellant is not entitled to relief if his underlying legal argument has no merit. *See Ousley*, 21 A.3d at 1246. In short, counsel cannot be deemed ineffective for failing to pursue a meritless claim. *See Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

"With respect to the reasonable basis prong, we have explained that courts should not inquire as to whether there were other, more logical courses of action counsel could have pursued; rather, the appropriate question is whether counsel's decision had any reasonable basis." ***Commonwealth v. Johnson***, 289 A.3d 959, 979 (Pa. 2023).

Concerning the third prong, as defined by our Supreme Court: "a defendant … is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings." ***Commonwealth v. Spotz***, 84 A.3d 294, 315 (Pa. 2014) (citations, brackets, and internal quotation marks omitted). When an appellant has failed to meet the prejudice prong of an ineffective assistance of counsel claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. ***See Commonwealth v. Baker***, 880 A.2d 654, 656 (Pa. Super. 2005). Again, failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. ***See Urwin***, 219 A.3d at 172.

In concluding that the underlying issue of prosecutorial misconduct lacked merit, the PCRA court offered the following reasoning, which we adopt as our own:

> The prosecutor did not make any misleading statements during Appellant's resentencing. This [c]ourt first notes that, although the Superior Court deemed Appellant's claims of prosecutorial misconduct waived for direct appeal, it stated that "[Appellant's] claims of prosecutorial misconduct do not hold up, as the Commonwealth ably explains." ***Commonwealth v. Tran***,

- 6 -

1658 EDA 2019 (7/14/2020) at *6. At the reconsideration hearing, sentencing counsel argued that Appellant's sentence was harsh in comparison to co-conspirator Abozaid's sentence. In response, the prosecutor explained that Abozaid did not possess a firearm, remained downstairs during the physical attack on the victims, and did not interact with either of the victims. N.T. 4/12/18 7:6-8, 16-18. Appellant alleges that these statements are contrary to the testimony of police officers at co-conspirator Riley's trial. Appellant does not cite to the record of that trial in his PCRA petition, but in his 2019 direct appeal he referred to a portion of testimony from Riley's trial in which a police officer stated that he found Appellant and Abozaid under the bed upstairs. This testimony does not contradict the prosecutor's statements at resentencing. The fact that Abozaid went upstairs and hid under the bed when police entered the house does not mean that he was upstairs during the attack on the victims. Moreover, it does not have any bearing on Appellant's own actions during the incident, and it is clear from the record that Judge Means based his sentence on Appellant's actions, not those of any co-conspirators. N.T. 4/12/2018 11:21-25, 12:1-4, 14:2-4. Because the prosecutor's statements were not misleading, were responsive to defense argument, and were consistent with the evidence, no prosecutorial misconduct occurred. Therefore, sentencing counsel was not ineffective for failing to preserve the issue for appeal. *See Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (counsel cannot be found ineffective for failing to raise a meritless claim).

PCRA Court Opinion, 8/27/23, at 5-6.

Upon consideration of the prosecutor's remarks in question and the facts presented at the time of Appellant's guilty plea, we conclude that the statements at the time of the hearing were consistent with the general facts of this case as presented at the guilty plea hearing and accurately set forth the level of Appellant's participation in the incident. Therefore, it is our determination that the PCRA court properly concluded there was no merit to the underlying issue, and counsel was not ineffective for failing to make an

objection to the prosecutor's statements. ***See Commonwealth v. Spotz***, 896 A.2d 1191, 1210 (Pa. 2006) (holding that counsel will not be deemed ineffective for failing to raise a meritless claim).

Last, Appellant argues that the PCRA court erred in failing to hold an evidentiary hearing to address his claim of ineffective assistance. ***See*** Appellant's Brief at 17-18. However, a PCRA hearing is not a matter of right, and the PCRA court may decline to hold a hearing if there is no genuine issue concerning any material fact and the defendant is not entitled to relief as a matter of law. ***See Commonwealth v. Morrison***, 878 A.2d 102, 109 (Pa. Super. 2005); Pa.R.Crim.P. 907(2). ***See also Commonwealth v. Payne***, 794 A.2d 902, 906 (Pa. Super. 2002) (the right to a hearing is not absolute, and the PCRA court may deny a petition without a hearing if it determines the claims raised are without merit).

Here, the record belies Appellant's claim that his counsel was ineffective at the time of his resentencing. As discussed above, the record supports the PCRA court's findings there was no relief due on the basis of the ineffectiveness claim raised. Accordingly, an evidentiary hearing was not required.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/3/2024