J-S15035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                      :          PENNSYLVANIA
                                        :
            v.                                 :
                                        :
                                        :
KARIM ALI HOLMES                  :
                                        :
             Appellant           :      No. 2056 EDA 2023

Appeal from the PCRA Order Entered July 26, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003176-2015

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:           **FILED DECEMBER 05, 2024**

Appellant Karim Ali Holmes appeals from the order dismissing his petition for relief brought under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In addressing Appellant's direct appeal, this Court put forth the following factual history:

> On April 22, 2015, Stanley Sutton ("Sutton") was at his girlfriend's house when he received a phone call from [Appellant], a longtime friend with whom he had recently been "beefing." [Appellant] wanted to purchase marijuana.  Sutton and [Appellant] agreed to meet at the corner of Radbourne Road and Crosley Avenue in Upper Darby, Pennsylvania.  When Sutton arrived at the agreed-upon location, [Appellant] was further up the street, so Sutton walked toward [Appellant] to meet him. Sutton and [Appellant] walked together and talked before Sutton gave [Appellant] marijuana in exchange for cash.

---

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant] directed Sutton into an alley behind Radbourne Road. Sutton followed [Appellant], who was walking a few feet in front of him, further into the alley. Sutton heard gunshots, and saw a man shooting toward him from the opposite side of the alley. A guardrail separated Sutton from the shooter. After Sutton heard the gunshots, he turned around and walked out of the alley. Sutton then "felt [his] body feeling different." Sutton used his cell phone to call the police, and when he approached a playground on Crosley Road, he told the police that he was stopping at the park because he could not breathe.

Sutton identified the shooter as a man known to him only as "Slick."[1] Sutton had known Slick for a few months, and had "hung around with him plenty of times in his house." Sutton had also seen Slick and [Appellant] together on several occasions.

At approximately 11:37 p.m., Upper Darby Police Officers Francis Devine ("Officer Devine") and Joseph DiFrancesco were dispatched to a playground located near the intersection of Crosley Road and Clover Lane, after receiving several calls for multiple shots fired. When the officers arrived, they saw Sutton lying on the ground, holding a cell phone, and bleeding profusely from a gunshot wound near his abdomen. Officer Devine also observed numerous bullet holes on Sutton's clothing, near his right shoulder.

Sutton was transported to Penn Presbyterian Medical Center in Philadelphia for treatment. The parties stipulated that Sutton's injuries were life threatening, and that they constituted serious bodily injury.

During the investigation, the police found shell casings in the alley, and a blood trail leading from the entrance of the alley to the sidewalk where the responding officers found Sutton.

[Appellant] was later arrested and charged with various offenses, including attempted murder, based on an accomplice theory of liability, *i.e.*, that [Appellant] had intentionally lured Sutton into the alley so that Slick could shoot him.

_____

[1] Slick was later identified at Sharod Brown, and Appellant and Brown were tried together.

*Commonwealth v. Holmes*, 26 EDA 2017, 181 A.3d 1256, 2017 WL 8773297, at *1-3 (Pa. Super. filed Dec. 12, 2017) (unpublished memorandum).

On September 1, 2016, a jury convicted Appellant of attempted murder and acquitted him of one count of aggravated assault and two counts of conspiracy. On November 30, 2016, the trial court sentenced Appellant to serve a term of incarceration of ten to twenty years. Appellant's post-sentence motion was denied. This Court affirmed the judgment of sentence on direct appeal and our Supreme Court denied Appellant's petition for allowance of appeal on April 24, 2018. *See id.*; *Commonwealth v. Holmes*, 184 A.3d 547, 2018 WL 1920163 (Pa. 2018).

Appellant filed this timely PCRA petition, and appointed counsel filed an amended petition alleging the ineffective assistance of prior counsel. The PCRA court dismissed the petition on July 26, 2023, and this timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant put forth the following issues for our review:

1. Whether the PCRA Court erred in dismissing [Appellant's]PCRA petition, without an evidentiary hearing, where the record clearly showed that [Appellant] was denied effective assistance of counsel, as guaranteed by the Pennsylvania and United States Constitutions, when Trial Counsel erred by failing to make a record of specific information relating to race of the actual members chosen for the jury, those stricken by both the Commonwealth and Defense, and the racial make-up of the venire, in support of [Appellant's] Batson Challenge.[2]

_____

[2] *Batson v. Kentucky*, 476 U.S. 79 (1986).

2. Whether the PCRA Court erred in dismissing [Appellant's] PCRA petition, without an evidentiary hearing, where the record clearly showed that [Appellant] was denied effective assistance of counsel, as guaranteed by the Pennsylvania and United States Constitutions, when Appellate Counsel erred by failing to set forth in their Rule 1925(b) statement the elements of attempted murder and requirements of accomplice liability when challenging the sufficiency and weight of the evidence, and further failed to state with specificity the elements which the Commonwealth failed to establish, causing said issues to be waived.

Appellant's Brief at 5-6 (PCRA court answers omitted).

In reviewing the denial of PCRA relief, our purview "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Mitchell**, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

Appellant's claims on appeal assert challenges to the effective assistance of counsel. Therefore, we employ a well-settled set of precepts:

We presume counsel's effectiveness, and an appellant bears the burden of proving otherwise. To establish ineffectiveness of counsel, a PCRA petitioner must plead and prove: [(1)] his underlying legal claim has arguable merit; [(2)] counsel's actions lacked any reasonable basis; and [(3)] counsel's actions prejudiced him. Failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

- 4 -

*Commonwealth v. Urwin*, 219 A.3d 167, 172 (Pa. Super. 2019) (internal citations and quotation marks omitted) (brackets added).

Under the first prong of the ineffectiveness test, an appellant is not entitled to relief if his underlying legal argument has no merit. *See Ousley*, 21 A.3d at 1246. In short, counsel cannot be deemed ineffective for failing to pursue a meritless claim. *See Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

"With respect to the reasonable basis prong, we have explained that courts should not inquire as to whether there were other, more logical courses of action counsel could have pursued; rather, the appropriate question is whether counsel's decision had any reasonable basis." *Commonwealth v. Johnson*, 289 A.3d 959, 979 (Pa. 2023).

Concerning the third prong, as defined by our Supreme Court: "a defendant … is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings." *Commonwealth v. Spotz*, 84 A.3d 294, 315 (Pa. 2014) (citations, brackets, and internal quotation marks omitted). When an appellant has failed to meet the prejudice prong of an ineffective assistance of counsel claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. *See Commonwealth v. Baker*, 880 A.2d 654, 656 (Pa. Super. 2005). Again, failure to satisfy any prong of the ineffectiveness test

requires dismissal of the claim. *See Urwin*, 219 A.3d at 172.

To the extent Appellant challenges the PCRA court's refusal to hold a hearing on his petition, we observe that a PCRA hearing is not a matter of right, and the PCRA court may decline to hold a hearing if there is no genuine issue concerning any material fact and the defendant is not entitled to relief as a matter of law. *See Commonwealth v. Morrison*, 878 A.2d 102, 109 (Pa. Super. 2005); Pa.R.Crim.P. 907(2). *See also Commonwealth v. Payne*, 794 A.2d 902, 906 (Pa. Super. 2002) (the right to a hearing is not absolute, and the PCRA court may deny a petition without a hearing if it determines the claims raised are without merit).

Appellant first argues that trial counsel was ineffective for failing to adequately develop a record to support the *Batson* challenge that Appellant presented on direct appeal. *See* Appellant's Brief at 13-18. Specifically, Appellant contends that trial counsel failed to "make a record of specific information relating to race of the actual members chosen for the jury, those stricken by both the Commonwealth and Defense, and the racial make-up of the venire." *Id*. at 13. Appellant observes that trial counsel raised *Batson* challenges after juror numbers 20 and 31 were stricken by the Commonwealth and further notes that "[b]oth of these jurors were black in what was agreed by the [trial c]ourt to be a limited pool." *Id*. at 17. He asserts that he raised a meritorious issue, and the PCRA court should have held an evidentiary

- 6 -

hearing to fully develop the record relating to the **Batson** challenge. **See id**. at 18.

We begin by observing, as this Court did in Appellant's direct appeal, that "[Appellant's] bald claim of discrimination does not entitle him to relief." **Holmes**, 26 EDA 2017, 181 A.3d 1256, 2017 WL 8773297, at *9-10. Rather, to establish a viable **Batson** challenge, our Supreme Court has recognized a three-part inquiry for evaluating a claim of racial discrimination in jury selection.

> [T]he [movant] has to initially establish a *prima facie* showing that the circumstances give rise to an inference that the [opposing party] struck one or more prospective jurors on account of race. If the *prima facie* showing is made, the burden shifts to the [opposing party] to articulate a race-neutral explanation for striking the juror(s) at issue. The trial court ultimately makes a determination of whether the [movant] has carried [the] burden of proving purposeful discrimination.

**Commonwealth v. Sanchez**, 36 A.3d 24, 44 (Pa. 2011). As our Supreme Court explained, an appellant is not entitled to **Batson** relief where he "challenge[d] only one of the Commonwealth's race-neutral explanations and adduce[d] no evidence in support of his bald assertion of discrimination." **Id**. 36 A.3d at 26.

Furthermore, our Supreme Court has continually recognized that to prove a **Batson** claim, the moving party must "provide a full and complete record demonstrating the alleged violation." **Commonwealth v. Sepulveda**, 55 A.3d 1108, 1132 n.23 (Pa. 2012) (citations omitted). The moving party must identify [1] the race of all the venirepersons removed by the prosecution,

- 7 -

[2] the race of the jurors who served, and [3] the race of the jurors acceptable to the Commonwealth who were stricken by the defense. ***Commonwealth v. Washington***, 927 A.2d 586, 609 (Pa. 2007). "This requirement gives the reviewing court accounts of the composition of the panel as a whole, and the conduct of other lawyers exercising strikes." ***Sepulveda***, 55 A.3d at 1132 n.23 (citation, quotation marks, and brackets omitted).

In addressing Appellant's ***Batson*** challenge on direct appeal, we offered the following:

> Here, [Appellant] failed to develop a record to support his ***Batson*** challenge. As the trial court noted, [Appellant]
>
>> only placed on record the race of the two prospective jurors struck by the Commonwealth. He did not place on the record the race of jurors actually chosen, the race of other jurors subject to peremptory challenges by the prosecutor, the race of jurors acceptable to the Commonwealth but struck by the defense, or the racial makeup of the venire.
>
> Trial Court Opinion, 2/22/17, at 14[.] Instead, [Appellant] simply states that "the jury pool had a very limited number of potential black jurors" and the Commonwealth's asserted basis for striking each juror was "suspect." [Appellant's] bald claim of discrimination does not entitle him to relief.

***Holmes***, 26 EDA 2017, 181 A.3d 1256, 2017 WL 8773297, at *9-10 (some citations omitted).

Regardless of the fact this Court outlined the deficiency in the record presented for review, Appellant took no steps to rectify the situation concerning the dearth of the required information. As the PCRA court aptly states, "[T]he instant [PCRA] petition provides no additional facts, affidavits

or other materials to support [A]ppellant's bald accusation that trial counsel's supposed failure to create a more robust record had an adverse effect on the trial. Accordingly, [A]ppellant is due no relief on this claim." PCRA Court Opinion, 9/12/23, at 5. We are constrained to agree with the PCRA court.

Other than recognizing that the prosecutor used peremptory strikes on prospective jurors number 20 and 31 and acknowledging the deficient record before the trial court, *see* Amended PCRA Petition, 7/9/22, at ¶¶ 7, 17A, Appellant's petition alleges no additional facts and includes no affidavits or other materials to support his bald accusation that trial counsel's failure to create a more robust record had an adverse effect. Such information is necessary to properly consider whether there is merit to the underlying *Batson* claim and whether counsel's conduct resulted in prejudice. Moreover, Appellant has failed to raise a genuine issue of material fact, other than his bald accusations of ineffectiveness by trial counsel in failing to create a record on the *Batson* challenges, that would have entitled him to a hearing on this claim. *See Commonwealth v. Brown*, 196 A.3d 130, 193 (Pa. 2018) ("[An evidentiary hearing] is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness.") (citation omitted). Consequently, Appellant's challenge to the effective assistance of counsel in this regard fails.

Appellant next argues appellate counsel was ineffective for failing to properly present his challenge to the sufficiency of the evidence on direct

appeal, which caused this Court to determine the claim was waived. *See* Appellant's Brief at 18-21. Specifically, he contends that waiver of the issue resulted when counsel failed to specify "the elements of attempted murder and requirements of accomplice liability" in Appellant's Pa.R.A.P. 1925(b) statement and his appellate brief. *Id*. at 19. Appellant posits that because of the alleged ineffectiveness, his appeal rights should be reinstated. *See id*. at 20.

We are cognizant that evidence presented at trial is sufficient when, viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence and all reasonable inferences derived from the evidence are sufficient to establish all elements of the offense beyond a reasonable doubt. *See Commonwealth v. Blakeney*, 946 A.2d 645, 651 (Pa. 2008). The Commonwealth may sustain its burden entirely by circumstantial evidence and the jury, which passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence. *See Commonwealth v. Ramtahal*, 33 A.3d 602, 607 (Pa. 2011).

Attempted murder is defined by reading the attempt statute, 18 Pa.C.S. § 901(a), in conjunction with the murder statute, 18 Pa.C.S. § 2502(a) (murder of the first degree). *See Commonwealth v. Johnson*, 874 A.2d 66, 71 (Pa. Super. 2005). The criminal attempt statute indicates the following:

A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.

18 Pa.C.S. § 901(a).  Murder is defined as follows:

**§ 2502. Murder**

**(a) Murder of the first degree.--**A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.

18 Pa.C.S. § 2502.  Accordingly, the elements of attempted murder are (1) the taking of a substantial step, (2) towards an intentional killing.  *See* 18 Pa.C.S. §§ 901(a), 2502(a).  For a defendant to be found guilty of attempted murder, the Commonwealth must establish specific intent to kill. *Commonwealth v. Geathers*, 847 A.2d 730, 734 (Pa. Super. 2004).

Regarding the theory of accomplice liability, our Supreme Court has long stated the following:

An accomplice is one who "actively and purposefully engages in criminal activity [and is] criminally responsible for the criminal actions of his/her co-conspirators which are committed in furtherance of the criminal endeavor."  Accordingly, two prongs must be satisfied for a person to be labeled an "accomplice."  First, there must be evidence that the person intended to aid or promote the underlying offense.  Second, there must be evidence that the person actively participated in the crime by soliciting, aiding, or agreeing to aid the principal.  Further, a person cannot be an accomplice simply based on evidence that he knew about the crime or was present at the crime scene.  There must be some additional evidence that the person intended to aid in the commission of the underlying crime, and then aided or attempted to aid.

*Commonwealth v. Rega*, 933 A.2d 997, 1015 (Pa. 2007) (citations omitted).

For purposes of accomplice liability, "[n]o agreement is required, only aid."

*Commonwealth v. Kimbrough*, 872 A.2d 1244, 1251 (Pa. Super. 2005).

In addressing Appellant's challenge to the effectiveness of direct appeal counsel for failing to preserve a sufficiency of the evidence claim, the PCRA court concluded that the evidence supported the jury's determination of guilt. *See* PCRA court Opinion, 9/12/23, at 6-7. Moreover, the trial court offered the following summary of the facts that supported the conclusion that the Commonwealth presented sufficient evidence:

> In this case there is overwhelming evidence supporting [Appellant's] conviction. The victim identified [Appellant] as the shooter to the police immediately after the shooting. More damaging is [Appellant's] own statement given to the police on the night of the shooting. In his statement, [Appellant] admitted he called the victim and asked him to meet him at the place where the victim was shot. [Appellant] also admitted he was standing with the victim when he claimed an unknown male began shooting at the victim. Although [Appellant] denied he was the shooter, he could not identify who shot the victim or offer any motive for the shooting.
>
> * * *
>
> Based on the evidence, the totality of the circumstances, taken in the light most favorable to the Commonwealth as verdict winner, was sufficient to sustain [Appellant's] conviction for Attempted Murder. Accordingly, [Appellant's] claim that the evidence was insufficient to support a verdict of guilty is patently meritless.

Trial Court Opinion, 2/22/17, at 7-8.

Upon review, we discern no error of law in the PCRA court's conclusions, which are supported by the record. Reviewing the evidence in the light most

favorable to the Commonwealth, we conclude the record supports Appellant's conviction of attempted murder because the Commonwealth proved beyond a reasonable doubt that Appellant took a substantial step towards an intentional killing. It is undisputed that Appellant asked Sutton to meet at the designated area where the shooting took place, and that Appellant compelled Sutton to enter the alleyway. *See* N.T., 8/30/16, at 104-08. Moreover, Sutton noticed that Appellant had a gun. *See id*. at 108. Sutton initially told police that he was shot by Appellant. *See id*. at 131-32. Nevertheless, Sutton later shared his belief that he was shot by "Slick" and that Appellant "set him up." *See* N.T., 8/31/16, at 42-43.

Based on the above, we do not discern any error in the PCRA court's determination that a challenge to the sufficiency of the evidence supporting Appellant's attempted murder conviction would have been meritless on direct appeal. Therefore, appellate counsel was not ineffective for failing to properly preserve a challenge to the sufficiency of the evidence. *See Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006) (holding that counsel will not be deemed ineffective for failing to raise a meritless claim).

To the extent Appellant attempts to argue that direct appeal counsel was ineffective in presenting a weight of the evidence challenge, we observe that this Court addressed a potential weight of the evidence issue on direct appeal as follows:

> [Appellant] failed to provide any argument relating to his claim that the verdict is against the weight of the evidence. *See*

- 13 -

Pa.R.A.P. 2119(a). Thus, to the extent that [Appellant] challenges the weight of the evidence, his claim is waived. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."). Moreover, [Appellant] failed to raise his challenge to the weight of the evidence with the trial court before sentencing, or in a post-sentence motion. *See* Pa.R.Crim.P. 607; *see also Commonwealth v. Sherwood*, 982 A.2d 483, 495 (Pa. 2009) (holding that the appellant waived his weight of the evidence claim by not raising it before the trial court).

*Holmes*, 26 EDA 2017, 181 A.3d 1256, 2017 WL 8773297, at n.3.

Direct appeal counsel cannot be ineffective for failing to argue a weight of the evidence claim that is waived by trial counsel. *See Commonwealth v. Luster*, 71 A.3d 1029, 1049 (Pa. Super. 2013) (stating that "[s]ince no challenge to the weight of the evidence was raised before the trial court either before sentencing or in a post-sentence motion, appellate counsel was precluded from raising a challenge on appeal, as any claim would have been waived. ... Thus, appellate counsel was not ineffective."). Therefore, any such claim targeted at appellant counsel in this instance fails.

For the foregoing reasons, we agree with the PCRA court that the challenges to the effective assistance of counsel raised by Appellant do not afford relief. Accordingly, we affirm the PCRA court's order denying Appellant's requested PCRA relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/5/2024